## GARRETT & SMYTH *vs.* SAMUEL BAILEY.

The act of 1773, for the encouragement of mill owners, and giving them a summary remedy for damages occasioned by the erection of other dams, has reference to the location of *new* mill seats ; and does not apply to a change in the construction of dams already erected.

In the matter of the petition of Garrett & Smyth, for a jury of view, under the act of 1773, *Dig.* 404, in relation to mill property; to assess damages done to previous mill owners by the erection of a dam by Samuel Bailey, within six years last past.

Petition presented by *Mr. Wales*, and motion that a writ be issued for this purpose to the sheriff of New Castle county.

*Rogers, jr.*, for Samuel Bailey, the mill owner below, asked to be permitted to traverse the facts in the petition : particularly the time of erecting the dam, which he alledged was more than six years ago.

*Wales.*—The application for the writ is ex parte : only preliminary. The law requires no notice to the mill owners; makes no provision for hearing them at this stage of the case ; much less to go into evidence before the court, on the material facts to become the subject of dispute before the jury. The court might as well be asked to try a question of limitation, or other question in a cause commenced by summons, or capias, before the issuing of the writ. It is a matter of common right.

*Rogers, jr.*—It is one of the anomalies of this anomalous proceeding that this matter of common right has to be asked for by petition, and granted by an order of court specially made for the purpose. That the party who is to be affected by this strange proceeding, under an obsolete law, shall not have the right to defend himself. There is no more provision for his defence at any subsequent stage

of the case than at this, and I suppose we are to hear at every stage of the case, that there is no right to appear in court and make defence. I maintain that in every case coming before this court by petition, the party petitioned against has the right to be heard before any step is taken against him.

The act was obviously designed to apply to the erection of *new* dams, and this remedy is limited to six years after the injury. The dam to which it is now sought to be applied is seventy-two years old, and has stood there without alteration for that length of time. And that dam and the water kept up by it, purchased of those under whom the petitioners claim. This is a case of want of jurisdiction, if the matter embraced by it be not within six years. This is a preliminary to the ordering the writ in pursuance of the petition.

*Wales.*—All that the court has to look at in this stage of the proceeding, is to see that the petition states such facts as bring the case within the act. The facts of the petition nor any other matter cannot now be controverted. Hereafter the party now appearing, or any other interested, may appear and make any defence he can sustain.

*The Court.*—This is a remedy specially provided by act of assembly, and the party resorting to it must bring himself within its terms. He must show the court by his petition, and if these preliminary facts be denied, by proof, that the dam of which he complains was erected within six years. This is a restriction imposed by the law itself. The grant of this writ is not of course, neither is this proceeding ex parte. The petition states that a dam has been erected within six years, to the damage of the petitioner. He ought to prove this at least prima facie, to show that the court ought to entertain jurisdiction.

The petitioners then proved that Samuel Bailey had put an upper piece on his mill-dam, from four to six inches thick ; and that from this or from some other cause, the water had been more backed on the upper mills than formerly.

*Rogers, jr.,* for S. Bailey, asked leave to examine witnesses to rebut the testimony of the witnesses adduced by the petitioner, which the court declined to hear at present; and *Clayton,* for the petitioners, moved to amend the petition, by inserting a complaint of injury by increasing and adding to the mill-dam.

*Rogers, jr.*—This court has no jurisdiction of the subject matter of this application. The law of 1773, gives the jurisdiction to the

"County Court of Common Pleas," under the administration of the Hon. Pat. Gordon, colonial governor. This court was abolished by the constitution of 1792, and no transfer of its jurisdiction to any other court. A new court was established called the "Court of Common Pleas," which court is abolished by the constitution of 1832, and the "Superior Court" established in its stead; and the jurisdiction transferred to this court. The act of 1832, directs that wherever the words "Court of Common Pleas" occur in any acts of assembly, they shall be stricken out, and the words "Superior Court," substituted. This court, has therefore, no jurisdiction of the matters provided for by the act of 1773.

2d. But the case now presented is not a case that would come under that law if the court had jurisdiction. It was a law to discourage the making more mills and the erection of more new dams, and has reference only to such erections. It does so in terms, and from its object. Can it be said that a law giving a summary remedy for the erection of new mill-dams, shall be applied to damages done by a small increase in the size of an old dam which has been in the peaceable occupation of the defendant for seventy years and upwards, and all the time used as a mill. There is no proof of making a dam within six years; and no proof of even an increase of the dam within that time.

*Wales* and *Clayton.*—This act is a *beneficial* statute. It is entitled "An act for the *encouragement* of mill owners, &c." It was designed to protect upper mill owners against lower mill owners backing water upon them. As such beneficial statute it is entitled to a *liberal* construction in furtherance of the object and advancement of the remedy. The act provides for no notice to any person; Samuel Bailey has no right to appear and make any defence to the issuing the writ. Unless secured by law he has no such right. What is our petition? We assume that we have a right to amend it under the constitutional provision, at any time *pending* a cause; and this case is hardly yet commenced. As amended, it sets out as the grievance that the complainants have been injured by an addition to the respondent's mill-dam. There is prima facie proof of this. Such proof as the court would require as preliminary to the issuing of the writ. The jurisdiction of the "County Court of Common Pleas," was transferred to the Court of Common Pleas, and and that to this court.

*Rogers,* in reply.—The act so far from being such as is to be construed liberally, falls within that class of statutes which are to be

construed most strictly. It provides a new mode of trial; not known to the common law; and a new and highly penal mode of judgment, which may extend to the pulling down and abating the respondent's mill-dam. The act in its terms and plain meaning has reference to mill-dams newly planted; originally made; and not to additions to old and established mill-dams. The want of jurisdiction is not answered by authority; only by statement and assertion by one counsel; and attempted ridicule by the other. The County Court of Common Pleas was a court of county jurisdiction. The Court of Common Pleas was a court of general jurisdiction. Amend the law as they require, according to the act of 1832, and the jurisdiction would be in the "County Superior Court:" there being no such court.

*Court.*—From the meaning of this act of assembly of 1773, taken in connection with the previous acts, it was evidently intended to apply to mill-dams recently erected, or made for the first time to the injury of previous mill owners; and was never intended to apply to the rights of ancient mill-holders backing water by the raising mill-dams already erected. The act is in derogation of the common law, and must receive a strict construction. *In its terms it applies to the erection of new dams*, and it repeals previous laws for facilitating the erection of such dams. Many cases have occurred in the State for violating mill rights by backing water; some of which have been conducted and defended by the ablest counsel in the State, and no resort has heretofore been made to this mode of remedy. Considering the complainants' petition as amended, therefore, it states a case, in our opinion, not within the law; as it stood it is not supported by any proof whatever of the erection of a dam by the respondent, within six years. In either case the petition must be dismissed.

Petition dismissed.

*Wales* and *Clayton*, for petitioners.
*Rogers, jr.*, contra.